Order, Supreme Court, New York County (Doris Ling-Cohan, J), entered January 9, 2013, which granted defendant’s motion to dismiss the complaint, unanimously affirmed, without costs.
As plaintiff does not contest on appeal, it failed to comply with the contractual requirement that a notice of claim be submitted within 20 days after the claim arose. Even under plaintiffs theory that its claim arose when its request for payment was denied by defendant on November 30, 2010, the notice of claim allegedly filed on July 12, 2011 is untimely. The failure to meet this express “condition precedent to commencing an action pursuant to section 23 of the parties’ contract” warrants dismissal of the complaint (see Everest Gen. Contrs. v New York City Hous. Auth., 99 AD3d 479, 479 [1st Dept 2012]).
Plaintiff’s argument that the contractual provision which shortened the applicable statute of limitations to one year is ambiguous, although not previously raised, may be reached on appeal since “it poses a question of law that could not have been avoided had it been raised before the [motion] [c]ourt” (Delgado v New York City Bd. of Educ., 272 AD2d 207, 207 [1st Dept 2000], lv denied 95 NY2d 768 [2000], cert denied 532 US 982 [2001]). The provision, although perhaps inartfully drafted, is not ambiguous. Plaintiff’s claim is barred by the statute of limitations, which pursuant to the contract, began to run on June 15, 2011, the date of termination of the contract (see CPLR 201). Thus, the statue expired prior to plaintiff’s commencement of this action, more than one year later, on July 28, 2011.
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Gonzalez, PJ., Andrias, Saxe, Richter and Clark, JJ. [Prior Case History: 38 Misc 3d 1207(A), 2013 NY Slip Op 50018(U).]